ELIZABETH LORENSEN and Another, Respondents, *v.* "JOHN" KLEBANSKY and Another, Appellants.

Supreme Court, Appellate Term, First Department, January Term — Filed March, 1922.

Landlord and tenant — action for rent — counterclaim for damages to tenants' goods caused by defective water leader — neglect of landlord to repair leader after notice of its condition renders him liable to tenant for damages — order setting aside verdict in tenants' favor on the ground that it was contributory negligence for them to leave their goods in the cellar after first storm reversed.

A landlord who, after due and ample notice to repair a defective house leader appurtenant to the premises, neglects to make the necessary repairs, is liable for any resultant damage suffered by the tenant.

During a heavy storm a broken house leader permitted the rain to come into the air shaft and flow into the cellar with result that the tenants' merchandise, consisting of paper goods, was damaged. The landlords' agents promised to repair the broken leader but during another heavy storm which occurred some months later the leader, which had not been repaired, again permitted the water to flow into the cellar and the tenants' goods were damaged, though the tenants had taken the precaution to place upon the floor boxes upon which they put their goods. In an action for rent the defendants pleaded their damages as a counterclaim. *Held,* that an order setting aside a verdict in favor of defendants for one-half of their counterclaim, less the rent sued for, on the ground that defendants in leaving their goods in the cellar were guilty of contributory negligence, will be reversed and the judgment entered on the verdict reinstated.

APPEAL by defendants from an order of the Municipal Court of the city of New York, borough of Manhattan, sixth district, vacating and setting aside a judgment entered on a verdict in favor of defendants and against the plaintiffs in the sum of $204.

*Harold S. Fleische,* for appellants.

*Simon T. Stern,* for respondents.

LYDON, J. Plaintiffs sue to recover the rent of the basement of premises 103 East One Hundred and Ninth street for the month of October, 1920, to wit, $50. Defendants denied the indebtedness and set up a counterclaim for $508 for damages to defendants' property.

The jury found a verdict for the defendants in the sum of $204, which is apparently one-half of the counterclaim less the amount of the rent. After the verdict, on motion of plaintiffs' counsel, the court set the verdict aside on the ground that defendants were guilty of contributory negligence in leaving their goods in the cellar with knowledge of the fact that on a previous occasion their merchandise had been damaged by water from a broken leader.

In the rear of said basement there is a window which opens into an airshaft, the bottom of the shaft being on a level with the lower part of the window. The house leader was affixed to the rear wall, and was in the airshaft. In December, 1919, there was a very heavy rainstorm and the broken leader permitted the rain to come into the shaft and flow into the cellar and damage defendants' merchandise, consisting of paper goods. There were no shelves and the merchandise was kept on the floor. After the December, 1919, storm, the defendants spoke to plaintiffs and their agents several times about repairing the broken leader, and they promised to do so. The defendants also, after that experience in December, obtained numerous boxes about one foot in height which they placed upon the floor, and thereafter placed their goods on these boxes. In August, 1920, another very heavy rain fell, and the broken leader, which had never been repaired, again permitted the water to flow into the cellar to a depth of over one foot, or higher than the boxes, and the defendants' merchandise was damaged.

The jury decided that the defendants were not negligent in keeping their merchandise in the cellar, and I do not see what other conclusion they could have reached. To be sure, the defendants knew that the leader had not been repaired and that there was danger of another flow of water into the basement, but the defendants took the precaution to provide boxes one foot high on which to place their merchandise, and they could not be expected to do more. The tenants did what they thought was reasonable and proper under the circumstances. Certainly the tenants were not expected to adopt such methods as would safeguard their merchandise under all circumstances and against all possible contingencies. The jury found that the tenants had acted as reasonable and prudent men in the care of their merchandise, and the evidence warranted that finding. The house leader was an appurtenance to the demised premises which remained under the charge and control of the landlords and it was their duty to keep it in repair. Ample notice of the defective leader had been given, and sufficient time elapsed to have enabled the landlords to have

the leader repaired before the last overflow which damaged the defendants' goods. . The landlords having failed after due notice to make the necessary repairs, they are liable for any damage suffered by the tenants resulting from a·failure of such duty to repair. *Levine* v. *Baldwin*, 87 App. Div. 150.

Respondents claim that the verdict should not stand in any event because the trial justice allowed evidence of the fact that repairs were made to the leader after the accident. This was an error, but I think it was harmless and had no effect on the result because the photographs in evidence showed the defective condition of the leader at the time of the damage, and also in the previous December.

Order reversed, with thirty dollars costs, and judgment reinstated.

BIJUR and McCOOK, JJ., concur.

Order reversed.